IN THE UNITED STATES DISTRCT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **R.I.**, <br><br>   *Plaintiff,* <br><br> v. <br><br> **PAM BONDI,** ATTORNEY GENERAL OF THE UNITED STATES; **KRISTI NOEM,** SECRETARY OF HOMELAND SECURITY; **TODD LYONS,** ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT <br><br>   *Defendants.* | Civil Action No.: 2:25-cv-2010 |

**COMPLAINT**

To the Honorable Judge of Said Court:

**INTRODUCTION**

1. Over the two past week, the United States Department of Homeland Security (DHS) unilaterally terminated the F-1 student status of thousands of students throughout the United States under the SEVIS [Student and Exchange Visitor] system for unknown and unspecified reasons. Plaintiff R.I. is one of these students.

2. Plaintiff[1] has resided in the United States since July 17, 2014, when he arrived as an international student to pursue a Master of Science in Biology at Texas Tech University. Since that time, Plaintiff has continuously maintained lawful non-immigration status. After completing his M.S. degree, he began a Ph.D. program

---

[1] Plaintiff will separately file a motion for permission to proceed pseudonymously.

1

at the University of Iowa in 2017 and later transferred to Thomas Jefferson University in 2020, where he earned his Ph.D. in Cell Biology and Regenerative Medicine in August 2024; his graduation ceremony is on May 21, 2025. *See* Exhibit A.

3. Through his student status, Plaintiff is currently employed as a Postdoctoral Research Fellow at the Sidney Kimmel Cancer Center, Thomas Jefferson University, under the mentorship of Dr. Ubaldo Martinez-Outchoorn. *See* Exhibits A & B. Plaintiff's work focuses on identifying novel therapeutic targets for treating sarcomas and heavy metal-induced lung cancers—research that directly contributes to the advancement of critical cancer therapies.

4. The Student and Exchange Visitor Information Systems (SEVIS) is a government database that tracks international students' compliance with their F-1 status. Immigration and Customs Enforcement (ICE), through the Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. On April 10, 2025, ICE, through the SEVP abruptly and unlawfully terminated Plaintiff's SEVIS record and ending his employment authorization under Optional Practical Training (OPT), stripping him of his ability to pursue his post-doctoral research in the United States and putting him at risk of arrest, detention, and deportation. *See* Exhibits C-D.

5. The reason stated for the termination of Plaintiff's SEVIS was simply as "Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." *Id.*

6. On April 11, 2025, Plaintiff received an email from SEVP, indicating that his "OPT authorization period has ended" meaning that he can no longer lawfully work in his post-doctoral research program. *See* Exhibit D. OPT is temporary employment that is 'directly related to the student's major area of study." *See* 8 C.F.R. § 214.2(f)(1)(ii)). OPT usually occurs at the end of the completion of the studies. *Id.*

7. On April 20, 2025, Plaintiff received an email from the Department of State (DOS), Indicating that Plaintiff's visa had been revoked and that "The Bureau of Consular Affairs Visa Office has alerted the Department of Homeland Security's Immigration and Customs Enforcement, which manages the Student Exchange Visitor Program and is responsible for removal proceedings." The mail indicates:

   > "Remaining in the United States without a lawful immigration status can result in fines, detention, and/or deportation. It may also make you ineligible for a future U.S. visa. Please note that deportation can take place at a time that does not allow the person being deported to secure possessions or conclude affairs in the United States. Persons being deported may be sent to countries other than their countries of origin."

   > "Given the gravity of this situation, individuals whose visa was revoked may wish to demonstrate their intent to depart the United States using the CBP Home App at https://www.cop.gov/about/mobile-apps-directory/cbphome."

   > "As soon as you depart the United States, you must personally present your passport to the U.S. embassy or consulate which issued your visa so your visa can be physically cancelled."

   *See* Exhibit E, containing email from DOS.

8. The termination of a SEVIS record effectively ends F-1 student status and ends Plaintiff's OPT employment authorization. Even when a visa is revoked,

ICE is not authorized to terminate Plaintiffs' student status. The grounds cited by ICE in the SEVIS terminations do not provide legal authority to terminate Plaintiff's SEVIS record. An F-1 visa controls a student's entry into the country, not their continued lawful presence once admitted. Plaintiff was in full compliance with the terms of his F-1 status and had not engaged in any conduct that would warrant the termination of his status.

9. DHS's act of unlawfully terminating SEVIS records appears to be designed to coerce students, including Plaintiff, into abandoning their studies and "self-deporting" despite not violating their status. If ICE believes a student is deportable, it has the authority to initiate removal proceedings and make its case in court. However, it cannot misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

10. To be clear, Plaintiff does *not* challenge the revocation of his F-1 *visa* in this case. Rather, Plaintiff brings this action under the Administrative Procedure Act (APA), the Firth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's illegal termination of his SEVIS record and seek a Temporary Restraining Order (TRO) to reinstate his SEVIS registration, restoring his student status and Form I-20 to allow him to resume his studies and employment in lawful student (F-1) status.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the present action based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), and 28 U.S.C. § 2201-2 (authority to issue declaratory judgment when jurisdiction already exists).

12. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity and because Plaintiff resides in Philadelphia County, located within the Eastern District of Pennsylvania.

## PARTIES

13. Plaintiff R.I., whose permanent residence is in Philadelphia County, Pennsylvania, is a citizen and national of Bangladesh. Plaintiff is an international student at Thomas Jefferson University, where he is currently employed as a Postdoctoral Research Fellow at the Sidney Kimmel Cancer Center, Thomas Jefferson University

14. Defendant Pam Bondi is the Secretary of the Attorney General of the United States and represents the United States in legal matters generally and gives advice and opinions to the President and to the heads of the executive departments of the Government when so requested.

15. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of immigration laws. Defendant Noem is sued in her official capacity.

16. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Plaintiffs' SEVIS records."

## LEGAL FRAMEWORK

17. A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.

18. The SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations. Termination of SEVIS registration can only be done on one of the outlined grounds, one of which is a student's failure to maintain status.

19. DHS regulations distinguish between two separate ways a student may become "out of status": (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

20. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa

6

requirements, for example by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder "constitutes a failure to maintain status," such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year. Plaintiff does not fall within any of these subcategories.

21. With respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . ." Minor misdemeanor or summary offenses do not meet this threshold for termination based on criminal history. Plaintiff does not fall under this subsection.

22. The second category, termination of status by DHS, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits DHS to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. DHS cannot otherwise unilaterally terminate nonimmigrant status. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019). An arrest or a traffic

citation is not a basis for termination of SEVIS per DHS's own regulations. *See* U.S. Department of Homeland Security, Study in the States – SEVIS Help Hub. "Termination Reasons" (December 3, 2024), available at https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons, attached as Exhibit D. DHS has not published a Federal Register notification related to Plaintiff and Plaintiff is not covered by any of these termination subsections.

23. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's arrival to the United States, then a student may not enter, and the SEVIS record is terminated. However, the SEVIS record may not be terminated because of a visa revocation after a student has been admitted into the United States, because the student is permitted to continue the authorized course of study. *See* ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf, Attached as Exhibit J.

24. ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." *Id*. Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is terminated, and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States. *See* Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016),

8

available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation, Attached as Exhibit K.

25. While a visa revocation can be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings. *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation). The immigration judge may also even dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status. *See* 8 C.F.R. § 1003.18(d)(ii)(B). Only when a final removal order entered would status be lost. Plaintiff has not been placed in removal proceedings, likely because he is not deportable under the Immigration and Nationality Act (INA).

26. A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter.

27. Optional practical training (OPT) is one type of work permission available for eligible F-1 students. *See* 8 C.F.R. 214(f)(10)(ii). It allows students to get real-world work experience related to their field of study. *Id.* OPT permits lawful employment authorization for 12 months, with a 24-month extension for individuals such as Plaintiff who has a STEM degree. *Id.* at §§ 214(f)(10)(ii)(A)-(D).

28. The first step in obtaining OPT and/or the STEM extension is for the student's DSO to submit a recommendation through the SEVIS system. *See* 8 C.F.R.

9

214(f)(11)(ii) ["A student must have a recommendation from his or her DSO in order to apply for OPT. When a DSO recommends a student for OPT, the school assumes the added responsibility for maintaining the SEVIS record of that student for the entire period of authorized OPT…"].

29. The immigration courts do not have the ability to review the SEVIS termination here because the process is collateral to removal. *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019). There is also no administrative appeal of a denial to reinstate F-1 status. *Id.* Thus, The termination of a SEVIS record constitutes final agency action for purposes of APA review. *Id.* At 185.

**FACTUAL ALLEGATIONS**

30. That Plaintiff re-alleges and incorporates by reference paragraphs one through 29 above.

31. That Plaintiff earned his Ph.D. in Cell Biology and Regenerative Medicine in August 2024 from Thomas Jefferson University, and his graduation ceremony is on May 21, 2025. *See* Exhibits A-B. Through his OPT, Plaintiff is currently employed as a Postdoctoral Research Fellow at the Sidney Kimmel Cancer Center, Thomas Jefferson University. *Id.*

32. That since July 17, 2014, Plaintiff has maintained full-time student status and has complied with the academic requirements set by his Designated School Official (DSO) and U.S. immigration regulations.

33. That prior to the termination of his status, Plaintiff's OPT was valid through August 16, 2025. *Id.* That his OPT would be eligible for the STEM extension, through approximately August 16, 2027.

34. That on April 11, 2025, Plaintiff was notified by his DSO that his SEVIS registration had been terminated. Plaintiff was informed by his DSO that his SEVIS record marked him as "Individual identified in criminal records check and/or has had their VISA revoked." *See* Exhibit C.

35. On April 11, 2025, Plaintiff received an email from SEVP, indicating that his "OPT authorization period has ended" meaning that he can no longer lawfully work in his post-doctoral research program. *See* Exhibit D.

36. On April 20, 2025, Plaintiff received an email from the Department of State (DOS), Indicating that Plaintiff's visa had been revoked and that "The Bureau of Consular Affairs Visa Office has alerted the Department of Homeland Security's Immigration and Customs Enforcement, which manages the Student Exchange Visitor Program and is responsible for removal proceedings." The mail indicates:

    > "Remaining in the United States without a lawful immigration status can result in fines, detention, and/or deportation. It may also make you ineligible for a future U.S. visa. Please note that deportation can take place at a time that does not allow the person being deported to secure possessions or conclude affairs in the United States. Persons being deported may be sent to countries other than their countries of origin."

    > "Given the gravity of this situation, individuals whose visa was revoked may wish to demonstrate their intent to depart the United States using the CBP Home App at https://www.cop.gov/about/mobile-apps-directory/cbphome."

    > "As soon as you depart the United States, you must personally present your passport to the U.S. embassy or consulate which issued your visa so your visa can be physically cancelled."

*See* Exhibit E, containing email from DOS.

37. That Plaintiff believes that revocation happened due to his February 3, 2020, guilty plea to the 'simple misdemeanor' charge of Domestica Abuse Assault – 1st offense under Iowa Code §708.2A(2)(A). *See* Exhibit F. As a result of his plea, Plaintiff was ordered to serve seven (7) days in jail; which he served. *Id.* Domestica Abuse Assault – 1st offense under Iowa Code §708.2A(2)(A) is a "simple misdemeanor" under Iowa law and carries a maximum penalty of 30 days imprisonment. *See* Iowa Code §903.1(1)(a). Such a conviction has no immigration consequences – it is not a ground of inadmissibility nor a ground of removability under the Immigration and Nationality Act.

38. That Plaintiff has complied with all terms and requirements under the F-1 visa regulations, and did not violate the terms of his visa.

39. That at no time prior to the termination of his SEVIS record and status, was Plaintiff notified of the Defendants' intention to terminate his SEVIS status.

40. That Plaintiff is no longer able to continue his post-doctoral research/employment and he and his family are suffering as a result.

41. Plaintiff currently lives in Philadelphia with his wife, who was in valid F-2 non-immigrant status up until Plaintiff's SEVIS record was terminated. *See* Exhibit G. Plaintiff's wife is currently experiencing a high-risk pregnancy complicated by hypertension, insulin-dependent diabetes, pre-eclampsia, and fetal growth restriction. *See* Exhibit H. They are expecting our first child on June 5, 2025.

Plaintiff's wife's doctors have strongly advised against any form of stress or travel due to the serious risks it poses to both her and the baby. *Id.*

42. This sudden and unexplained revocation of Plaintiff's status has upended every aspect of his life and the life of his wife. Since April 11, 2025, Plaintiff's wife has been unable to sleep properly due to the emotional distress, and her blood pressure has worsened, further increasing the risk to both her health and their unborn child. The anxiety and uncertainty surrounding Plaintiff's immigration status, the abrupt loss of employment, and the potential loss of their health insurance have left them overwhelmed and frightened. They live in constant fear—every doctor's visit now feels like a risk—and it has become increasingly difficult to protect their health and maintain necessary medical care during this critical stage of her pregnancy. The termination of Plaintiff's SEVIS record has not only jeopardized his legal status but also stripped him of my ability to work, earn, and continue his research at a pivotal point in his career.

## CAUSE OF ACTION

### COUNT I
### APA – UNAUTHORIZED AGENCY ACTION

43. That Plaintiff re-alleges and incorporates by reference paragraphs one through 42, above.

44. Defendants' termination of Plaintiff's F-1 student status under the SEVIS system is a final agency action. *See Jie Fang*, 935 F.3d at 182 ("[t]he order terminating these students' F-1 visas marked the consummation of the agency's decision making process, and is therefore a final order").

45. Defendants' termination violates the Administrative Procedure Act (APA) and should be set aside pursuant to 5 U.S.C. § 706(2)(A) as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law, including the regulatory regime at 8 C.F.R. § 214.1(d).

46. Under 8 C.F.R. § 214.1(d), Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status based simply on revocation of a visa. Additionally, nothing in the Plaintiff's criminal history or other history, including immigration history, provides a basis for termination.

47. Therefore, Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

## COUNT II
## APA – ARBITRARY AND CAPRICIOUS AGENCY ACTION

48. That Plaintiff re-alleges and incorporates by reference paragraphs one through 47, above.

49. Under § 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. § 706(2)(A).

50. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

51. Defendants' action is therefore arbitrary and capricious.

## COUNT III
## FIFTH AMENDMENT – PROCEDURAL DUE PROCESS

52. That Plaintiff re-alleges and incorporates by reference paragraphs one through 51, above.

53. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

54. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiffs have a constitutionally protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

55. At the most elemental level, the United States Constitution requires notice and a meaningful opportunity to be heard. *See Choeum v. I.N.S.*, 129 F.3d 29, 38 (1st Cir. 1997) ("At the core of [a noncitizen's] . . . due process rights is the right to notice and the nature of the charges and a meaningful opportunity to be heard.");

*Matthews v. Eldridge*, 424 U.S. 319, 322 (1976). No such notice or opportunity to be heard was provided here.

56. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff with an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

## COUNT IV
## APA – PROCEDURAL DUE PROCESS

57. That Plaintiff re-alleges and incorporates by reference paragraphs one through 56, above.

58. Under § 706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. § 706(2)(B).

59. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff with an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

60. Accordingly, Defendants' action is contrary to a constitutional right.

## PRAYER

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1) Take jurisdiction over this matter;

2) Declare that the termination of Plaintiff's SEVIS registration and termination of F-1 status was unlawful;

3) Vacate and set aside DHS's termination of Plaintiff's SEVIS registration and termination of F-1 nonimmigrant student status;

4) Vacate and set aside DHS's termination of Plaintiff's Employment Authorization pursuant to under Optional Practical Training;

5) Order that Defendants restore Plaintiff's SEVIS registration, and F-1 nonimmigrant student status;

6) Award costs and reasonable attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b); and

7) Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

Date: April 21, 2025

*s/Christopher M. Casazza*
Christopher M. Casazza (PA Bar 309567)
Palladino, Isbell & Casazza, LLC
1528 Walnut St, Suite 1701
Philadelphia, PA 19102
p. (215) 576-9000
f. (215) 689-3531
chris@piclaw.com

ATTORNEY FOR PLAINTIFF